**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LADONNA HUTTON,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) Case No. 16-CV-634-TCK-TLW |
| | ) |
| **DABNEY STEVENS, individually,** | ) |
| **MELODII DAVIS, individually, and** | ) |
| **KARINDA SMITH, individually,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 13).

**I.     Factual Allegations**

Plaintiff LaDonna Hutton, who lives in Texas, is the maternal grandmother of minor children E.L.B. ("EB") and P.L.C. ("PC") (collectively the "children"). EB was born December 15, 2008, and PC was born March 16, 2014. Defendants Dabney Stevens ("Stevens"), Melodii Davis ("Davis"), and Karinda Smith ("Smith") are employees of the Oklahoma Department of Human Services in Tulsa County, Oklahoma ("Tulsa County DHS").

Plaintiff alleges that, prior to the incidents in question, the children both resided with her in Texas in a safe, loving environment and that EB attended school in Texas. In late November 2015, the childrens' mother took PC to Tulsa, Oklahoma to visit someone for Thanksgiving, while EB stayed in Texas. While in Tulsa, the childrens' mother required mental health treatment, and Tulsa County DHS received a referral as to PC. On or around December 3, 2015, Defendants investigated the referral and ultimately obtained an emergency custody order for both children. Plaintiff was forced to withdraw EB from school, drive EB from Texas to Oklahoma, and deliver her to Tulsa County DHS. Plaintiff claims that, since that time and during the ongoing custody proceeding in

Tulsa County, *In the Matter of ELB and PLC*, Case No. JD-2015-393 ("Custody Proceeding"), the children have resided in foster homes and been separated from each other.

Plaintiff's allegations revolve around Defendants' method of obtaining the emergency order resulting in the childrens' removal from her home. Plaintiff alleges that all three Defendants were involved in the relevant investigation and court proceedings. Plaintiff alleges that Stevens submitted an affidavit in the Custody Proceeding containing intentional fabrications and omissions that were not the result of any investigation. Specifically, Plaintiff claims Stevens recklessly or intentionally fabricated and communicated to the Court that Plaintiff: (1) "has extensive child welfare history" including neglect, beating, failure to protect, and sexual behavior; and (2) has a criminal history of prostitution and forced her own daughters to engage in prostitution as minors. Davis and Smith "regurgitated" this information in numerous court documents. Smith, who supervises Stevens and Davis, recommended placements decisions and made recommendations based on the false information. All three Defendants failed to disclose that both children had resided extensively with Plaintiff and that EB was enrolled in school in Texas. Plaintiff contends that, despite her adamant denials of the above facts and attempts to assert her rights in the Custody Proceeding, Defendants still have not conducted any investigation and refuse to acknowledge the falsity of the assertions in Stevens' affidavit.

On August 12, 2016, the same day Plaintiff filed this lawsuit in state court, Plaintiff filed a Motion to Intervene in the Custody Proceeding, which the court set for hearing on November 9, 2016. The state court granted the motion to intervene on December 15, 2016. (*See* Doc. 19-1.)[1]

---

[1] On February 1, 2017, the Court ordered Defendants to file a notice stating whether Plaintiff had received permission to intervene, which impacts the second *Younger* prong. Defendants complied and filed the relevant state court records. The Court takes judicial notice of the state court

Plaintiff's response brief clarifies that she intends to assert three claims against all three Defendants: (1) 42 U.S.C. § 1983 claim for violation of her substantive due process right to familial association with her grandchildren; (2) 42 U.S.C. § 1983 claim for violation of her procedural due process rights in conjunction with the Custody Proceeding; and (3) intentional infliction of emotional distress. Defendants move to dismiss all three claims based on, *inter alia*, the doctrine of *Younger* abstention.

## II.     *Younger* Abstention

Under *Younger v. Harris*, 401 U.S. 37, 91 (1971), and its progeny, federal district courts must abstain from exercising jurisdiction when: "(1) there are ongoing state proceedings; (2) the state court offers an adequate forum to hear the plaintiff's claims from the federal lawsuit; and (3) the state proceeding involves important state interests." *Morkel v. Davis*, 513 F. App'x 724, 727 (10th Cir. 2013). All three conditions are satisfied here. First, the Custody Proceeding is ongoing, and there has been no final determination of rights. In fact, Plaintiff moved to intervene in that case and filed this lawsuit on the same day. Second, the Custody Proceeding offers an adequate forum to consider the past and ongoing violations of Plaintiff's constitutional rights. Plaintiff now has intervenor status in the Custody Proceeding, and the Tenth Circuit has held that a custody proceeding is an adequate forum to raise constitutional issues similar to those asserted by Plaintiff here. *See Morkel*, 513 F. App'x at 728 (holding that Utah state court custody proceeding was adequate forum to vindicate constitutional claims raised by mother in conjunction with ongoing

---

minutes (Doc. 19-1), and this does not convert the motion to one for summary judgment. *See Doe v. Heil*, No. CIV.A08CV02342WYDCBS, 2009 WL 3158165, at *1 (D. Colo. Sept. 28, 2009) ("[T]his motion to dismiss need not be converted to a motion for summary judgment because a court may take judicial notice of court records from another case.").

child custody case). Finally, there is no question that child custody proceedings involve important state interests. *See id.* at 729 ("The reasons for abstention are only strengthened when we consider that Utah has a continuing power to modify [the mother's] child custody arrangements, including both permanent and temporary parent-time arrangements."). Therefore, the Court must abstain from exercising jurisdiction.

### III. Conclusion

Defendants' Motion to Dismiss (Doc. 13) is GRANTED, and the case is dismissed without prejudice to re-filing following the conclusion of the ongoing Custody Proceeding in state court.

**IT IS SO ORDERED this 6th day of February, 2017.**

*(signed)* Terence Kern

**TERENCE KERN**
**United States District Judge**